**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KANDIS KARLOTTA SHIPMAN,       )
                               )
            Movant,            )
                               )
      v.                       )     Case No. 4:14CV773 HEA
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant=s motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. ' 2255. The motion is a Asecond or successive motion@ within the meaning of 28 U.S.C. '' 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be denied and dismissed.

### Background

On June 7, 2007, a grand jury returned an indictment against movant. See United States v. Shipman, 4:07CR351 HEA (E.D. Mo. 2008). Movant was charged with conspiracy to distribute and possess with intent to distribute in excess of 50 grams of actual methamphetamine. Movant entered into a written plea agreement. Specifically, the plea agreement provided that movant agreed to waive her right to appeal all sentencing issues, including but not limited to criminal history category and career offender status. Movant also acknowledged in the plea agreement that by virtue of her criminal history, she qualified as a "career offender" under Section 4B1.1 of the United States Sentencing Guidelines.

Movant formally entered her guilty plea in court on September 14, 2007. Movant admitted in open court and under oath that she was fully satisfied with her counsel's representation, that she understood the terms of the plea agreement, that counsel had performed all tasks and investigation requested of her, and that she was entering into the plea agreement of her own free will. At no time did movant voice any dissatisfaction with defense counsel or raise any questions with respect to any of the terms of the plea agreement.

Movant was sentenced to 262 months' imprisonment on June 30, 2008. Her total offense level was 34 and her appropriate criminal history category was VI. The advisory guideline range was 262 to 325 months' imprisonment.

Movant filed a notice of appeal on July 7, 2008, despite the waiver of appeal contained in the plea agreement. The government moved to dismiss the appeal based on the waiver, and the motion to dismiss was granted. See Shipman v. United States, No. 08-2539 (8th Cir. 2008).

Movant filed her first motion to vacate, pursuant to 28 U.S.C. § 2255 on February 25, 2009. See Shipman v. United States, 4:09CV319 HEA (E.D. Mo. 2010). The Court denied the motion to vacate on May 14, 2010. Movant appealed the judgment to the Eighth Circuit Court of Appeals, who declined to issue a certificate of appealability. See Shipman v. United States, No. 10-2377 (8th Cir. 2010).

## Discussion

In the instant motion to vacate, movant claims that the new Supreme Court case of Alleyne v. United States, 133 S.Ct. 2151 (2013), decided in June of 2013, should be retroactively applied to her case in order to reduce her sentence. She claims that her sentence was enhanced without notice to her or a jury and this is unlawful under the holding of Alleyne.

In Alleyne, the Supreme Court held that because mandatory minimum sentences increase the penalty for the crime, any fact that increases the mandatory minimum is an Aelement@ of the crime that must be submitted to the jury. The holding in Alleyne simply does not apply to movant. First and foremost, movant=s motion to vacate is successive, and thus, she must seek leave from the Eighth Circuit Court of Appeals prior to bringing the instant argument to this Court. See, e.g. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (holding that Alleyne did not apply retroactively to a movant's successive motion for § 2255 collateral relief).

Under 28 U.S.C. ' 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under ' 2255 to grant movant=s requested relief. As a result, the motion shall be dismissed.

However, even if movant=s motion was properly before this Court, her argument under Alleyne would still be irrelevant. Movant entered a guilty plea and specifically entered into a plea agreement with the government, finding that her base level offense would be 34, although it could be higher depending upon her criminal history. At the plea hearing movant specifically agreed that she qualified as a "career offender." Accordingly, it was movant=s own agreement, as outlined in her plea agreement, that resulted in her sentence of 262 months= in this case. As such, Alleyne cannot be said to be applicable to her situation even if it were available to her in these proceedings. See, e.g., U.S. v. Wimberly, No: 12-2210, 2013 WL 3214988, *1 (6th Cir. June 26, 2013).

Accordingly,

**IT IS HEREBY ORDERED** that movant=s motion to vacate, correct or set aside her sentence brought pursuant to 28 U.S.C. ' 2255 is **DENIED and DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that the Court will not grant movant a certificate of appealability.

Dated this 7th day of May, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE